21-8851-00-4/SNN/PSR/PWD

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY, an Ohio Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| New United, Inc., an Illinois Corporation, | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES Plaintiff, NATIONWIDE INSURANCE COMPANY ("Nationwide"), by and through its attorneys and for its Complaint for Declaratory Judgment against New United, Inc, ("New United") states as follows:

**The Parties**

1. Plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE") is an Ohio Corporation with its principal place of business in Columbus, Ohio.

2. Defendant New United is a registered and active Illinois Corporation Incorporated in Illinois on May, 8, 1963 whose President and Secretary are, respectively, Joseph R. Incandela, Jr. and Rose B. Incandela both with the address of 1544 Burgundy, Streamwood, Illinois, 60107 and whose Registered Agent is Lee D. Garr of 50 Turner Avenue, Elk Grove Village, Illinois 60007.

1357552.1

## Jurisdiction

3. The jurisdiction of this Honorable Court is premised upon 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, in this action seeking a declaration of no coverage.

## Venue

4. Venue is premised upon 28 U.S.C. § 1391 as Defendant New United is a registered and active Illinois corporation incorporated in Illinois on May, 8, 1963 whose President and Secretary are, respectively, Joseph R. Incandela, Jr. and Rose B. Incandela both with the address of 1544 Burgundy, Streamwood, Illinois, 60107 and whose Registered Agent is Lee D. Garr of 50 Turner Avenue, Elk Grove Village, Illinois 60007.

## The Underlying Litigation

5. New United sued Brown Commercial Group, Inc. ("Brown"), in the case styled *New United, Inc. v. Brown Commercial Group, Inc.* in Docket No. 09 CH 15984 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division ("the underlying lawsuit"), to recover damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The underlying lawsuit also included the typical claims pled with TCPA violations for conversion of paper, toner/ink, etc. and violation of the Illinois Consumer Fraud Act. (A true and correct copy of the underlying lawsuit is attached hereto as Exhibit "A".) The TCPA violation, the sending of the offending fax to New United, is alleged to have occurred on August 2, 2006. Nationwide disclaimed coverage for Brown for the underlying lawsuit based upon a TCPA exclusion. Thereafter, New United and Brown entered into a settlement and a "Final Approval Of Settlement Agreement And Judgment" ("consent judgment") in the amount

of $1,999,999.00 was entered by the court in the underlying lawsuit. (A true and correct copy of "Final Approval Of Settlement Agreement And Judgment" is attached hereto as Exhibit "B".)

6. The consent judgment provides that New United will not seek to execute the judgment against Brown but, rather, would only pursue recovery against Brown's insurer Nationwide. Brown has no stake in this declaratory action and is neither an interested nor necessary party. Even if Brown was an interested or necessary party, Brown is a registered Illinois corporation whose President is located at 1020 W. Sharon Lane, Schaumburg, Illinois and its Registered Agent is located in Chicago, Illinois. Further, Brown's interests would be fully aligned with those of New United.

9. The "Final Approval Of Settlement Agreement And Judgment" (Exhibit B) at p.2 paragraph 2 provides:

> 2. On January 6, 2009, the Court certified the following class by agreement of the parties [New United and Brown only]:
>
>> All persons who, between **August 1, 2006 and August 31, 2006** who were sent advertisement facsimile, without prior express permission or invitation, by and behalf of Brown Commercial Group, and with whom Brown Commercial Group did not have an established business relationship. [Emphasis added.]

10. The consent judgment for $1,999,999.00 is limited to faxes that violated the TCPA that were sent for the one month period from between August 1, 2006 and August 31, 2007

11. After obtaining its consent judgment, New United filed a declaratory judgment action claiming that Nationwide owed coverage and indemnity for the consent judgment against Nationwide in Ohio state court in the Case *New United Inc., et al. v. Nationwide Insurance Company*, Case No. 10 CV 011701, in the Court of Common Pleas, Franklin County, Ohio. After conducting extensive discovery in the Ohio declaratory action, New United voluntarily

1357552.1

dismissed its Ohio Declaratory Complaint without prejudice on April 14, 2011. (A true and correct copy of the complaint in *New United Inc., et al. v. Nationwide Insurance Company*, Case No. 10 CV 011701, In the Court of Common Pleas, Franklin County, Ohio and New United's April 14, 2011 Notice of Dismissal Without Prejudice of the Ohio Declaratory are attached as Exhibits "C" and "D" respectively.)

12. New United continues to assert that Nationwide owes it indemnity in the amount of $1,999,999.00 to satisfy the consent judgment.

## The Nationwide Policy

13. Nationwide issued a Business Owners Policy No. 9112BO953216-3001 to Brown Commercial Group, Inc. for the period of February 12, 2006 to February 12, 2007. This is the policy applicable to New United's TCPA and TCPA related claims against Brown. (A true and correct certified copy of the Nationwide Business Owners Policy No. 9112BO953216-3001 issued to Brown Commercial Group, Inc. for the period of February 12, 2006 to February 12, 2007 attached hereto as Exhibit "E".)

14. The aforesaid Nationwide's Business Owners Policy of insurance issued to Brown, Policy No. 9112BO953216-3001 contains exclusions to coverage for the claims that are the subject of the New United's underlying lawsuit as well as the "Final Approval Of Settlement Agreement And Judgment." The Nationwide policy in effect for August of 2006, the period of liability set out in the consent judgment, contains Endorsement CAS 6356 which states:

---

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CARFULLY.*
*EXCLUSION-VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX*
*PHONECALLS OR OTHER METHODS OF SENDING MATERIAL OR*
*INFORMATIOIN*

---

*This endorsement modifies insurance provided under the following:*

4

1357552.1

*CONTRACTORS LIABILITY COVERAGE FORM*
*BUSINESSOWNERS LIABILITY OVERAGE FORM*
*BUSINESS PROVIDER LIABILITY FORM*

A. **The following exclusion is added to Section B.1 – Exclusions**, *applicable to Business Liability:*

   *This insurance does not apply to:*

   **DISTRIBUTION OF MATERIAL IN VIOLATION STATUTES**

   *"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

   a. *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or*

   b. *The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or*

   c. *Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.*

B. *The following exclusion is added to paragraphs p. Personal Injury or Advertising injury and q. Advertising Injury of Section B.1 – Exclusions applicable to Business Liability;*

   *This insurance does not apply to:*

   **DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

   *"Personal injury" or "advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

   a. *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or*

   b. *The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or*

   c. *Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.*

15. Nationwide contends that it is not and was not obligated to furnish a coverage or indemnity to New United for the claims asserted in the underlying lawsuit or the consent judgment. The claims against Brown are specifically excluded from coverage under the exclusions to coverage contained within Endorsement CAS 6356 Exclusion under the applicable Nationwide policy.

16. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment of this Honorable Court. Pursuant to the terms of 28 U.S.C. §§2201 and 2202, this Honorable Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final right of all parties and to give such other and further relief as may be necessary to enforce same.

### Prayers for Relief

WHEREFORE, the Plaintiff, Nationwide Insurance Company, prays that this Court enter judgment finding and declaring the rights of the parties as follows:

A. Nationwide Insurance Company owes no coverage or indemnity for BrownCommercial Group Inc.'s settlement or consent judgment with West United, Inc.;

B. New United, Inc, BrownCommercial Group Inc. or anyone acting on their behalf or through any assignment of interests to the "Final Approval of Settlement Agreement And Judgment" in the underlying lawsuit be permanently enjoined from claiming any benefit under Nationwide's Business Owners Policy 9112BO953216-3001, effective February 12, 2006 to February 12, arising out of the claims set forth in the underlying lawsuit *New United, Inc. v. Brown Commercial Group, Inc.* in Docket No. 09 CH 15984 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division or any judgments pertaining thereto;

C. That this Honorable Court find and declare and grant to Nationwide Insurance Company such other relief as it deems fit and proper under the circumstances.

D.     That Nationwide Insurance Company be awarded its just and reasonable costs herein, and have execution issue therefore.

*s/Steven N. Novosad*
STEVEN N. NOVOSAD
CLAUSEN MILLER P.C.

STEVEN N. NOVOSAD
P. SCOTT RITCHIE
PAUL W. DAUGHERITY
CLAUSEN MILLER P.C.
10 South La Salle Street
Chicago, IL 60603
(312) 855-1010

Attorneys for Plaintiff, Nationwide Insurance Company