**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 11-cv-3182 | |
| ) | | |
| NEW UNITED, INC., ) | Judge Robert M. Dow, Jr. | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nationwide Insurance Company filed a complaint [1] based on diversity jurisdiction against Defendant New United, Inc., seeking a declaration regarding its obligations under policies issued to Brown Commercial Group. Nationwide is seeking this determination because, in an underlying Illinois state court action, New United is looking to recover from Nationwide pursuant to a settlement with Brown. Before the Court is Defendant's motion to dismiss or stay based on the abstention doctrine, as well as Defendant's motions to supplement. For the reasons stated below, the motion to dismiss [18] is granted. The motions to supplement [33, 36] are denied as moot.

**I.  Background**

Back in 2009, New United, on behalf of a class of plaintiffs, sued Brown in Illinois state court (the "Illinois Action") to recover damages for alleged violations of the Telephone Consumer Protection Act (TCPA). Nationwide issued insurance policies to Brown but disclaimed coverage in the Illinois Action. New United and Brown subsequently settled the case for approximately $2 million. But the settlement and consent judgment approved by the court provided that New United would only pursue recovery against Brown's insurers, including Nationwide.

Five months later, on August 10, 2010, New United sued Nationwide in Ohio state court (the "Ohio Action"), seeking a declaration that Nationwide owed coverage and indemnity for the consent judgment. New United maintains that it initially sought to litigate its rights in Ohio because Nationwide is headquartered and transacts business there. The parties then engaged in considerable discovery over the next eight months.

On April 12, 2011, New United served Nationwide with a citation to discover assets in the Illinois Action. Two days later, New United voluntarily dismissed the Ohio Action without prejudice. New United then filed a motion for turnover of insurance proceeds in the Illinois Action pursuant to 735 ILCS 5/2-1402. Soon thereafter, Nationwide sought to remove the Illinois Action to federal court (No. 11 C 3168) and also filed this complaint for declaratory judgment.

On August 22, 2011, Magistrate Judge Cox entered an order remanding the Illinois Action to state court, finding the 2-1402 proceedings were supplemental to the original TCPA action. The state court judge then stayed the Illinois Action pending resolution of New United's motion currently before the Court.

## II. Analysis[1]

Under the *Wilton/Brillhart* abstention doctrine, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (internal quotations omitted). There are no set criteria for abstention, but "the classic example of when abstention is proper occurs where * * * solely

---

[1] The briefs contain a fair amount of mudslinging, with each party accusing the other of improper forum shopping. The only issue, however, is whether the Court should dismiss the case pursuant to the abstention doctrine.

declaratory relief is sought and parallel state proceedings are ongoing." *Id.* Whether the proceedings are parallel turns on "whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (internal quotations omitted).

*Travelers Property Casualty Co. v. Rogan Shoes Inc.*, 2011 WL 2637257 (N.D. Ill. July 6, 2011), recently applied the abstention doctrine to nearly identical facts and granted the defendant's motion to dismiss. Notably, the court cited a line of Illinois cases standing for the proposition that "the rights of a citation respondent may be adjudicated in a supplementary citation proceeding, even if the respondent is not a party to the underlying litigation." *Id.* at *2. Because the state court would determine the scope of the insurer's duties under the relevant policies in the course of the 2-1402 proceedings, *Travelers* found that the state and federal actions were parallel proceedings. *Id.* This Court finds *Travelers* highly persuasive.

Although it does not explicitly try to distinguish *Travelers*, Nationwide does emphasize the Ohio Action, arguing that the current matter is a continuation of that action, not the Illinois Action. But it's hard to see how the Ohio Action, which was voluntarily dismissed without prejudice, has any relevance. Under the Illinois law set out in *Travelers*, "there is a substantial likelihood that the [Illinois Action] will dispose of all claims presented in the federal case"— namely, whether New United can recover from Nationwide pursuant to the policies issued to Brown. The Illinois Action and the federal action are therefore parallel, which is sufficient, but not necessary, to justify abstention. See *Envision*, 604 F.3d at 986 (noting that "abstention is [not] limited to parallel proceedings").

Nationwide also argues that New United's conduct regarding the Ohio Action results in forfeiture of its requested relief and merits application of the doctrines of laches and estoppel.

3

But Nationwide provides no support for its assertion that New United had an obligation to continue the Ohio Action. Nationwide also fails to show how it was prejudiced by New United's forum change; as previously discussed, Nationwide will have an opportunity to litigate the coverage dispute in the Illinois Action. Moreover, the passage of time between entry of the consent judgment and initiation of the 2-1402 proceedings (just over a year) is not exactly eye-popping. Finally, to the extent that Nationwide wishes to argue that Illinois is no longer an appropriate forum, the Court is confident that Nationwide will be heard in the Illinois Action.[2]

### III. Conclusion

For these reasons, Defendant's motion to dismiss [18] is granted. Plaintiff's complaint [1] is dismissed without prejudice. Defendant's motions to supplement [33, 36] are denied as moot.

Dated: May 22, 2012

Robert M. Dow, Jr.
United States District Judge

---

[2] The Court has reviewed Nationwide's supplemental authority [24, 29], but finds the cases inapposite. Nationwide cites *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913 (7th Cir. 2011), to draw attention to opposing counsel's "questionable conduct." [24 at 3.] As discussed above, however, the Court fails to see how New United's decision to pursue litigation in Illinois instead of Ohio was improper. Nationwide's arguments concerning *Standard Mutual Insurance Co. v. Norma Lay and Locklear Electric, Inc.*, No. 4–11–0527, 2012 WL 1377599 (Ill. App. Ct. Apr. 20, 2012), concern the merits of the case and are therefore properly presented in the Illinois Action. The superior ability of the Illinois courts to determine the effect of *Standard Mutual* is yet another reason supporting abstention. Finally, the Court also has considered New United's supplemental authority [33, 36], *Hartford Casualty Insurance Co. v. Foxfire Printing & Packaging, Inc.*, No. 10 C 50298 (N.D. Ill. Apr. 30, 2012), in which Judge Kapala addressed similar arguments in granting a motion to dismiss based on *Wilton/Brillhart* abstention.